# United States Bankruptcy Court
# District of Connecticut



In re:

Olegna Fuschi-Aibel

Case Number: 18-50052

Chapter: 11

Debtor *

## ORDER CONVERTING CHAPTER 11 CASE
## TO CASE UNDER CHAPTER 7

On June 6, 2019, the Office of the United States Trustee filed an affidavit, Declaration of Holley L. Claiborn re Non-compliance with Timetable Orders (ECF 75 and 100) and Requesting Conversion to Chapter 7, (the "Affidavit," ECF 106). On July 16, 2019, a hearing was held on the Affidavit and an Order entered directing the Debtor to file a complete Disclosure Statement and a complete Chapter 11 Plan by July 19, 2019, (the "Order, " ECF. 115). On July 19, 2019, the Debtor filed a Response To Objection Of The United States Trustee To Confirmation Of The Proposed Chapter 11 Plan, (ECF 116) that did not comply with the Order.

Accordingly, it is hereby

**ORDERED**:

1. This Debtor's Chapter 11 case is converted to a case under Chapter 7.

2. **The Debtor or the Chapter 11 Trustee shall:**

   (a) As soon as practicable, turn over to the Chapter 7 Trustee all records and property of the estate under its custody and control, as required by Bankruptcy Rule 1019(4).

   (b) **Within 30 days of the date of this Order**, file an accounting of all receipts and distributions made, together with a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case as required by Bankrupty Rule 1019(5).

   (c) **Within 14 days of the date of this Order**, file the statements and schedules required by Bankruptcy Rule 1019(1)(A) and 1007(b), if such documents have not already been filed.

   (d) **Within 30 days of the date of this Order**, if the case is converted after the confirmation of a Plan file:

      (i) a schedule of all property not listed in the final report and account of the Debtor−in−possession or Chapter 11 Trustee which was acquired after the confirmation of the Chapter 11 case but before the entry of this conversion order;

      (ii) a schedule of executory contracts entered into or assumed after the commencement of the Chapter 11 case but before the entry of this conversion order; and

      (iii) a schedule of unpaid debts not listed in the final report and account of the Debtor−in−possession or Chapter 11 Trustee which were incurred after the commencement of the Chapter 11 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5); and

      (iv) a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. § 521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8.

3. Failure of the Debtor to timely comply with the provisions of this Order may result in the dismissal of the Chapter 7 case.

BY THE COURT

Dated: August 15, 2019

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

*For the purposes of this order, "Debtor" means "Debtors" where applicable.