# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | CASE No. | 18-50052 (JAM) |
|  | ) |  |  |
| OLEGNA FUSCHI-AIBEL, | ) | CHAPTER | 11 |
|  | ) |  |  |
| DEBTOR. | ) | ECF Nos. | 122, 156, 159, 169 |
|  | ) |  |  |

<u>Appearances</u>

Ms. Olegna Fuschi-Aibel                     *Pro se Debtor*

Holley L. Claiborn, Esq.                     *Trial Attorney, Office of the*
Office of the United States Trustee          *United States Trustee*
Giaimo Federal Building, Room 302
150 Court Street
New Haven, CT 06510

## <u>MEMORANDUM OF DECISION DENYING MOTIONS FOR RECONSIDERATION OF ORDER CONVERTING CASE TO CHAPTER 7</u>

Julie A. Manning, Chief United States Bankruptcy Judge

### I.     Introduction

Olegna Fuschi-Aibel (the "Debtor"), proceeding *pro se*, filed an individual Chapter 11 petition on January 18, 2018. On August 15, 2019, the Court entered an order converting the Debtor's case to a case under Chapter 7 (the "Conversion Order"). The Debtor now seeks reconsideration of the Conversion Order. For the reasons set forth below, the Debtor's motions for reconsideration are granted, but, after considering the Debtor's arguments, the Court denies the ultimate relief requested and will not amend or make any additional findings with regard to the Conversion Order.

**II.    Background**

On October 10, 2018, the Office of the United States Trustee (the "U.S. Trustee") filed a motion to compel the Debtor to file Monthly Operating Reports ("MORs"), to file a Disclosure Statement, and to file a Chapter 11 Plan.  ECF No. 64.  On November 8, 2018, the Court entered a timetable order on the Motion to Compel requiring the Debtor to timely file MORs, to file a Disclosure Statement and Chapter 11 Plan by January 29, 2019, and to obtain confirmation of a Chapter 11 Plan by April 30, 2019.  ECF No. 75.  The Court thereafter entered a modified timetable order on May 14, 2019.  ECF No. 100.  The modified timetable order required the Debtor to file a Disclosure Statement and an Amended Chapter 11 Plan by June 4, 2019 and to obtain confirmation of a Chapter 11 Plan by September 20, 2019.  *Id.*  On June 4, 2019, the Debtor filed a one-page document entitled "Amended Plan of Reorganization and Disclosure Statement."  ECF No. 105.

On June 11, 2019, the U.S. Trustee filed an affidavit of non-compliance regarding the failure of the Debtor to file a Disclosure Statement and a complete Chapter 11 Plan, and by failing to file the MOR for April 2019.  ECF No. 106.  In the affidavit, the U.S. Trustee also requested that the Court convert the Debtor's case to a case under Chapter 7.  *See id.*  On July 16, 2019, the Court held a hearing on the Debtor's lack of compliance, and thereafter issued an order requiring the Debtor to file a Disclosure Statement and a complete Amended Chapter 11 Plan by July 19, 2019.  ECF No. 115 (the "July 16, 2019 Order").  The July 16, 2019 Order stated that failure to file a Disclosure Statement and a complete Amended Chapter 11 Plan by July 19, 2019 would result in the Debtor's case being converted to Chapter 7.  *See id.*  On July 19, 2019, the Debtor filed a document that did not comply with the Court's July 16, 2019 Order.  *See* ECF 116.  Accordingly, on August 15, 2019, the Court entered an order converting the Debtor's case

to a case under Chapter 7.  ECF No. 118.

The Debtor filed a document entitled "Open Letter to the Court," ECF No. 122, on August 29, 2019, seeking reconsideration of the Court's Conversion Order.  Also on August 29, 2019, the Debtor filed a Notice of Appeal of the Conversion Order to the United States District Court for the District of Connecticut.  ECF No. 132.  On November 6, 2019, the District Court entered an order closing the Debtor's appeal without prejudice pending this Court's ruling on the "Open Letter to the Court," which the District Court deemed a motion to reconsider converting the case from Chapter 11 to Chapter 7.  ECF No. 147.  Thereafter, on November 19, 2019, the Debtor filed a document entitled "Motion to Allow Debtor/Appellant Chapter 7 Case Reconversion to Chapter 11 Case." ECF No. 156.

The Court will deem both the "Open Letter to the Court" and the "Motion to Allow Debtor/Appellant Chapter 7 Case Reconversion to Chapter 11 Case" to be motions to reconsider the Conversion Order (the "Motions for Reconsideration").  The U.S. Trustee filed an objection to the Motions for Reconsideration on November 26, 2019.  ECF No. 159.  The U.S. Trustee's objection avers that the Motions for Reconsideration should be denied because they fail to show a factual or legal basis upon which relief can be based.  On December 12, 2019, the Debtor sought an extension of time to reply to the Trustee's objection.  ECF No. 164.  The Court granted the Debtor's request for an extension, permitting her to file a reply on or before January 2, 2020. ECF No. 166.  On January 3, 2020, the Debtor filed her untimely reply.  ECF No. 169.

**III.   Discussion**

Although the Debtor did not indicate under which rule of procedure she seeks reconsideration, the Court will treat the Motions for Reconsideration as a motion for relief under Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure

3

9024(b)[1]. A motion for relief under Rule 60(b) from a final judgment or order may be granted for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions for relief under Rule 60(b) "are addressed to the sound discretion of the ... court ..." *In re SageCrest II LLC*, No. 08-50754 AHWS, 2012 WL 525734, at *1 (Bankr. D. Conn. Feb. 16, 2012) (citing *Mendell ex rel. Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990)). The standard for granting a motion to reconsider a prior court order is strict. *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions to reconsider a prior court order "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Such motions will not be granted where the party seeks to relitigate an issue that has already been decided. *Id.* The "strict requirements of Rule 60(b) apply even to *pro se* litigants." *Sonberg v. Niagara Cty. Jail*, No. 08-CV-364 JTC, 2013 WL

---

[1] District of Connecticut Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration within seven days of the filing of the decision or order from which such relief is sought. Since the Debtor's Motions for Reconsideration were filed after the seven-day deadline, the Court is deeming them to be motions filed under Fed. R. Civ. P. 60(b), which permits a party to seek relief from a judgment or order "within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60

2468691, at *3 (W.D.N.Y. June 7, 2013).

The Debtor has not met her burden.  The Motions for Reconsideration do not point to any controlling cases or evidence that might reasonably alter the Conversion Order, and do not demonstrate any of the other grounds for relief in Rule 60(b).

The Conversion Order complied with the provisions of the Bankruptcy Code.  Pursuant to 11 U.S.C. § 1112(b), "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."  First, a party in interest, the U.S. Trustee, requested that the Debtor's case be converted to a case under Chapter 7.  *See* ECF 106.  After notice and a hearing held on July 16, 2019, during which the Court provided the Debtor with a second opportunity to file a Disclosure Statement and an Amended Chapter 11 Plan by July 19, 2019, *see* ECF 115, the Court issued the Conversion Order upon the Debtor's second failure to timely file a Disclosure Statement and a complete Amended Chapter 11 Plan.

The "cause" element of section 1112(b) was also addressed in the Conversion Order.  For the purposes of section 1112(b), cause can include, as relevant here, the following: "(E) failure to comply with an order of the court; [and] (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."  11 U.S.C. § 1112(4)(E) and (J).  "Section 1112(b) provides a non-exhaustive list of circumstances constituting cause…and grants the bankruptcy court broad equitable discretion to grant relief based upon the particular facts and circumstances of the case." *Lynch v. Barnard*, 590 B.R. 30, 36 (E.D.N.Y. 2018) (citing *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 and n.5 (2d Cir.

1997)). "Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under section 1112(b)." *In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010). Once the court determines cause has been shown, the court has no "no choice" but to "dismiss or convert the Chapter 11 case." *Lynch*, 590 B.R. at 36.

  In this case, the Debtor had numerous opportunities to file and propose a Disclosure Statement and a confirmable Chapter 11 Plan, including receiving several extensions of time in which to do so. *See* ECF Nos. 75, 80, 100, 115. The Debtor was clearly on notice that failure to file a Disclosure Statement and a complete Amended Chapter 11 Plan by July 19, 2019 would result in conversion of her case to Chapter 7. *See* ECF No. 115. The Disclosure Statement filed by the Debtor on July 19, 2019 is not a disclosure statement that describes the Chapter 11 Plan as required by section 1125 of the Bankruptcy Code. Furthermore, the Amended Chapter 11 Plan filed by the Debtor on July 19, 2019 is not a Chapter 11 Plan and therefore is not able to be confirmed. The Debtor's Amended Chapter 11 Plan fails to comply with sections 1122, 1123, and 1129 of the Bankruptcy Code because it contains improper debt classifications, fails to provide for treatment of all claims, fails to provide sufficient information about funding of the Chapter 11 Plan, and fails to adequately address discharge. By failing to file a file a Disclosure Statement and by failing to file a complete, confirmable Chapter 11 Plan, the Debtor is in violation of the Court's July 16, 2019 Order. As such, pursuant to sections 1112(b)(4)(E) and (J), the Court had cause to enter the Conversion Order and convert the Debtor's case to Chapter 7. *See Lynch*, 590 B.R. at 37 (approving bankruptcy court's order converting case under several Code provisions, including under section 1112(b)(4)(E), when the debtor was unable to "obtain approval of the disclosure statement and confirmation of a plan as required by prior court orders"); *In re Babayoff*, 445 B.R. 64, 78

(Bankr. E.D.N.Y. 2011) (finding relief under section 1112(b)(4)(J) "may be appropriate where the debtor's plan is incomplete in material respects, or no more than an outline… because the plan should provide the court, the creditors, and all parties in interest with a clear description of the reorganized debtor's structure and prospects."). Lastly, under the circumstances of this case, conversion, rather than dismissal, was in the best interest of creditors and the estate.

In sum, the ultimate relief sought in the Motions for Reconsideration must be denied because the Debtor has not identified any controlling decisions or facts that this Court overlooked when it issued the Conversion Order. *Shrader*, 70 F.3d at 257. A motion for relief from a prior court order will not be granted where the party seeks to relitigate an issue that has already been decided. *Id.* In this case, the Motions for Reconsideration seek only to relitigate the issue of the conversion of the Debtor's case to Chapter 7. Therefore, the ultimate relief sought in the Motions for Reconsideration—that this Court alter, amend, or make additional findings with regard to the Conversion Order—is denied.

## IV. Conclusion

For the reasons set forth herein, although the Motions for Reconsideration are granted to the extent that the Court reconsidered whether it should amend or make additional findings to the Conversion Order, the Court denies the ultimate relief set forth in the Motions for Reconsideration. Accordingly, it is hereby

**ORDERED:** The Motions for Reconsideration are granted to the extent the Court has reconsidered the Conversion Order; and it is further

**ORDERED:** The ultimate relief sought in the Motions for Reconsideration is denied; and it is further

**ORDERED:** The Conversion Order remains in full effect; and it is further

**ORDERED:** At or before 4:00 p.m. on January 24, 2020, the Clerk's Office shall serve this Order upon the Debtor via United States Mail at the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 24th day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut